UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDY GONZALES, | Case No. CV 13-01517-JEM |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

**PROCEEDINGS**

On March 12, 2013, Sandy Gonzales ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer on June 17, 2013. On August 21, 2013, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 60-year-old female who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on August 26, 2010. (AR 8.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since July 31, 2008, the alleged onset date of her disability. (AR 21.)

Plaintiff's claims were denied initially on December 23, 2010. (AR 8.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Peggy M. Zirlin on September 6, 2011, in Long Beach, California. (AR 8.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 8.) Vocational expert ("VE") Jeanine Metildi also appeared and testified at the hearing. (AR 8.)

The ALJ issued an unfavorable decision on February 17, 2012. (AR 8-24.) The Appeals Council denied review on January 12, 2013. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly considered the opinions of Dr. Khang Nguyen, M.D., the psychiatric consultative examiner.
2. Whether the ALJ properly considered Plaintiff's credibility.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

2

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents

the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Residual functional capacity ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since July 31, 2008, the alleged onset date. (AR 21.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: lumbar spine strain with slight scoliosis, history of migraines and headaches, history of alcohol abuse, major depression and PTSD. (AR 21.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 21.)

The ALJ then found that Plaintiff has the RFC to perform a range of medium, simple work as defined in 20 CFR §§ 404.1567(c) and 416.967(c), except for the following limitations:

> Claimant can lift and/or carry up to 25 pounds frequently and 50 pounds occasionally, stand and/or walk about 6 hours out of an eight-hour workday, sit about 6 hours out of an eight-hour workday, frequent ramp, stair, ladder, rope and scaffold climbing, frequent balancing and occasional stooping, kneeling, crouching and crawling. Claimant retains the mental RFC to understand, remember and carry out simple work-related tasks in a work setting with reduced interpersonal contact, no significant work related limitations in the ability to sustain concentration, persistence and pace or otherwise adapt to the requirement of a normal work setting.

(AR 21.) In determining this RFC, the ALJ made an adverse credibility determination. (AR 22.)

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (AR 22.) At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Claimant can perform, including laundry worker, factory helper and hand packager. (AR 23.)

Consequently, the ALJ found Claimant not disabled within the meaning of the Social Security Act. (AR 23-24.)

**DISCUSSION**

Ms. Gonzales contends that the ALJ improperly rejected the opinion of psychiatric consultant Dr. Nguyen and also improperly discounted Claimant's credibility. Both of these contentions concern the ALJ's RFC.

A RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R.

§ 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. <u>Robbins</u>, 446 F.3d at 883.

The ALJ decision must be affirmed. The ALJ properly gave no weight to the opinion of the consulting psychiatric examiner, Dr. Nguyen, and properly discounted Plaintiff's credibility. The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

## I. THE ALJ PROPERLY REJECTED DR. NGUYEN'S OPINION

Plaintiff contends that the ALJ improperly rejected the opinion of the consulting psychiatric examiner, Dr. Khang Nguyen, M.D. This Court disagrees.

### A. Relevant Federal Law

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). <u>See</u> 20 C.F.R. §§ 404.1527, 416.927; <u>see</u> <u>also</u> <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. <u>Lester</u>, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. <u>Lester</u>, 81 F.3d at 830-31; <u>see</u> <u>also</u> <u>Orn</u>, 495

F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons.  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.     Analysis**

The ALJ found that Plaintiff has the severe medically determinable impairments of major depression and PTSD but concluded that Plaintiff was capable of medium, simple work.  (AR 21, 23.)  Dr. Khang Nguyen, M.D., a consulting psychiatric examiner, however, submitted a psychiatric evaluation, dated December 10, 2010, that opined Ms. Gonzales is not able to perform work-related duties.  (AR 320-323.)  Dr. Nguyen stated, "In my opinion, she is not able to perform her work-related duties and adapt to commonplace stressors of a work environment, from a psychiatric standpoint."  (AR 323.)  He diagnosed severe major depression and PTSD and opined that Claimant would be non-functional for at least 12 months.  (AR 322-323.)  Dr. Nguyen did not review any medical records.  (AR 16, 320.)

The ALJ did not give weight to Dr. Nguyen's conclusions because he did not review Claimant's medical records.  (AR 16, 18-19.)  This was significant because Plaintiff lied to Dr. Nguyen in stating she never used alcohol (AR 16, 19) when in fact the longitudinal record showed that her drinking was "a significant part of her history and that her behavior is very abnormal when she is drinking."  (AR 19.)  Indeed, the medical records indicate numerous

episodes of alcoholic intoxication and a 40 year history of alcoholic dependence and abuse. (AR 14, 15.) She also has been dependent on Tramadol and she fired a primary care physician because she refused to prescribe opiates. (AR 17, 15.) The longitudinal records also revealed "a paucity of objective psychiatric abnormalities, and . . . do not show that the Claimant presents to any treating source or consulting source, when sober, in the same abnormal manner as she did at the consultative examination." (AR 19.) Indeed, the ALJ set forth in detail numerous mental examinations and diagnoses of mental impairment by her primary care physician Dr. Coates that fail to set forth any functional limitations. (AR 12-19.) Thus, the ALJ also gave no weight to Dr. Nguyen's conclusions because they were inconsistent with the longitudinal record. (AR 19.) An ALJ is entitled to give little weight to an opinion based on a one-time examination without review of medical records. Reddick v. Chater, 157 F.3d 715, 727 (9th Cir. 1998).

The ALJ further discounted both Dr. Nguyen's opinion and the opinion of Claimant's non-psychiatric treating physician Dr. Coates for being based largely on Claimant's allegations and purported medical history. (AR 18-19.) As noted below, the ALJ properly discounted Plaintiff's credibility. The ALJ properly may disregard a medical opinion based to a large extent on a claimant's self-reports that have been discredited. Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008); Batson v. Comm'r of Soc. Sec., 359 F.3d, 1190, 1195 (9th Cir. 2004); Thomas, 278 F.3d at 957; Morgan, 169 F.3d at 602.

The ALJ relied on the assessment of State reviewing physician, Dr. Richard Brooks, in determining Plaintiff's mental RFC. (AR 16, 19, 329-342.) Dr. Brooks observed that "there is no evidence to establish longitudinal impairment and difficulties observed during the CE cannot be confirmed to have been present over time." (AR 339.) Dr. Brooks opined that Claimant retains the ability to understand, remember and carry out simple work-related tasks in a work-setting with reduced interpersonal contact. (AR 342.) He also opined that there are no significant work-related limitations in the ability to sustain concentration/persistence/pace or otherwise to adapt to the requirements of a normal work-setting. (AR 342.) The ALJ adopted these limitations in his mental RFC. (AR 21.)

Plaintiff contends that the ALJ was required to provide clear and convincing reasons for rejecting Dr. Nguyen's opinion because Dr. Brooks did not offer any opinion about Plaintiff's current condition or next 12 months' prognosis. This is untrue. Dr. Brooks provided a RFC that directly contradicts Dr. Nguyen's opinion (AR 342) that Plaintiff does not acknowledge. Thus, the ALJ need provide only specific, legitimate reasons for rejecting Dr. Nguyen's opinion. Plaintiff also argues that Dr. Nguyen's opinion should be given greater weight than the opinion of Dr. Brooks who was a non-examining physician, but the ALJ properly gave no weight at all to Dr. Nguyen's opinion because he did not review Plaintiff's medical records and relied on Plaintiff's symptom statements which were discredited. Dr. Brooks' opinion is substantial evidence because it is based on independent evidence in the record, i.e., the medical records. Thomas, 278 F.3d at 957.

Plaintiff disputes the ALJ's interpretation of the evidence regarding her mental impairments and mental RFC but the ALJ is the one responsible for resolving disputes in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the medical evidence and record is reasonable as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ rejected the opinion of Dr. Nguyen for specific, legitimate reasons supported by substantial evidence.

## II.  THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S CREDIBILITY

Plaintiff contends that the ALJ improperly discounted her credibility. The Court disagrees.

### A.  Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722;

Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.    Analysis**

In determining Plaintiff's RFC, the ALJ did not find "greater functional limitations or total disability based on the subjective complaints because they are not fully credible." (AR 22.) Because there was no finding of malingering, the ALJ was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ did so.

The ALJ discounted Plaintiff's subjective symptoms in this case because they were inconsistent and "out of proportion" to the objective clinical findings, observed functional limitations and treatment received. (AR 22.) An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not only the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005); Thomas, 278 F.3d at 989. Here, the ALJ found no evidence of severe disuse muscle atrophy that would be compatible with her alleged inactivity, no medical necessity for any ambulation assistance, no medical necessity for sleeping, lying down or elevating body parts during the workday. (AR 22.) Her primary care doctor apparently did not think Plaintiff needed more aggressive treatment than routine follow-up to obtain medications. (AR 22.) Conservative treatment is a valid basis for discounting a claimant's testimony regarding the severity of his or her symptoms. Parra, 481 F.3d at 750-51. The ALJ also found no medical support for disabling conditions in regard to her ankles, migraines, cervical and

lumbar spine, carpal tunnel syndrome or functional restrictions in her neck, back or joints. (AR 17-18.) In November, 2010, consulting internist Dr. Benravi found Claimant capable of medium work. (AR 15-16.)

Plaintiff contends that the lack of medical documentation cited by the ALJ only relates to physical impairments. This is untrue. The ALJ noted the lack of ongoing mental health treatment, the lack of severe objective psychiatric abnormalities, a longitudinal record that is inconsistent with a disabling mental impairment and Dr. Brooks' opinion that Plaintiff's mental impairment is not disabling. (AR 18-19.)

The ALJ also found that Plaintiff's daily activities were inconsistent with her allegations of disabling pain. (AR 22.) This is a legitimate basis for discounting a plaintiff's credibility. Bunnell, 947 F.2d at 345-46. Here, the ALJ noted that during the alleged disability period Plaintiff was able to:

> . . . look for work, attend job training and get a certificate and look for work in that field, she could drive herself to school and to the store and to the psychiatric consultative examination, she could do household chores, do her own bathing and hygiene, shopping, drive herself places, care for a dog and clean up after her sister and niece.

(AR 22.) Plaintiff contends that these activities are not sufficient evidence that she can work but they do suggest that the alleged severity of her limitations was exaggerated. See Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009).

Then, of course, there is the matter of Plaintiff's lack of candor with Dr. Nguyen about the history of alcohol abuse. Inconsistent statements about the severity of a claimant's symptoms is a valid basis for discounting a claimant's credibility. Thomas, 278 F.3d at 958-59. Additionally, Plaintiff's application for an acceptance of unemployment benefits calls into question her allegations of disabling symptoms. (AR 9.) An ALJ may discount the testimony of a claimant who seeks or collects unemployment benefits as it indicates her ability to work. Copeland v. Bowen, 861 F.2d 536, 542 (9th Cir. 1988).

Plaintiff disputes the ALJ's interpretation of the evidence regarding Plaintiff's credibility but again the ALJ is responsible for resolving ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ discounted Plaintiff's credibility for clear and convincing reasons supported by substantial evidence.

\* \* \*

The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: November 4, 2013        */s/ John E. McDermott*
                               JOHN E. MCDERMOTT
                               UNITED STATES MAGISTRATE JUDGE